UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BARRY HARRIS,<br><br>    Plaintiff<br><br>v.<br><br>TASHEENA COOKE, et al.,<br><br>    Defendants | Case No.: 3:22-cv-00019-ART-CSD<br><br>**Report & Recommendation of<br>United States Magistrate Judge**<br><br>Re: ECF Nos. 37, 40 |

This Report and Recommendation is made to the Honorable Anne R. Traum, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court is Plaintiff's motion to amend and proposed first amended complaint (FAC). (ECF Nos. 37, 40.) Defendants filed a notice indicating they do not oppose amendment to the extent Plaintiff is only attempting to add defendants Tasheena Cooke's and Robert Pyle's names to the allegations contained in the original complaint. (ECF No. 41.) For the reasons set forth herein, Plaintiff's motion for leave to amend should be granted in part and denied in part. However, the proposed FAC should be stricken, and Plaintiff should be given another opportunity to file his FAC.

**I. BACKGROUND**

Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC), who filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 concerning events that took place while he was housed at Ely State Prison (ESP). The court screened Plaintiff's original complaint and allowed him to proceed with an Eighth Amendment conditions of confinement claim against Pyle, Drummond, and Cooke based on allegations that Pyle put Plaintiff on a

restrictive diet, and Drummond and Cooke knew Pyle was depriving Plaintiff of two of his three daily meals, but they did not take any action to intervene. As a result, Plaintiff avers that he received only one meal a day for seven days, missing a total of 14 meals over the course of seven days. His retaliation and due process claims were dismissed with prejudice. (ECF No. 8.)

The Attorney General's Office accepted service on behalf of Tasheena Cooke, David Drummond and Robert Pyle (ECF No. 21), and they filed their answer to Plaintiff's complaint on May 22, 2023. (ECF No. 25.)

On July 14, 2023, Plaintiff filed his motion to amend (ECF No. 37), and his proposed FAC was filed on July 25, 2023 (ECF No. 40).

## II. STANDARD FOR AMENDMENT

"A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(A), (B). Otherwise, a party must seek the opposing party's written consent or leave of court to amend a pleading. Fed. R. Civ. P. 15(a)(2). Here, Plaintiff was required to seek leave to amend.

"The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend need not be given where amendment: "(1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *Amerisource Bergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (citation omitted).

In addition, under 28 U.S.C. § 1915A, "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a

governmental entity." 28 U.S.C. § 1915A(a). In conducting this review, the court "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2).

### III. SCREENING

**A. Standard**

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) track that language. As such, when reviewing the adequacy of a complaint under these statutes, the court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (citation and quotation marks omitted). At a minimum, a

plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Plaintiff's Proposed FAC**

The proposed FAC names ESP Warden Tasheena Cooke, ESP Associate Warden David Drummond and ESP Correctional Officer Robert Pyle as defendants. (ECF No. 40 at 2.)

In the nature of the case portion of the proposed FAC, Plaintiff alleges that on September 6, 2021, Robert Pyle harassed and retaliated against him for "propelling" on Pyle, and as a result Plaintiff's property was damaged and missing. He filed an informal grievance, which was rejected. He filed a second informal grievance, which was also rejected, and due to the rejections, Plaintiff moved forward with his claim in this court because the institution refused to allow him to exhaust. (*Id.*)

In Count I, Plaintiff alleges his rights were violated under the Fifth, Eighth, and Fourteenth Amendments. Plaintiff avers that Robert Pyle intentionally harassed and retaliated Plaintiff by in a write up and by damaging Plaintiff's property. In addition, Plaintiff was placed on a "diet low" by Pyle, which forced Plaintiff to eat food once a day for a period of seven days. (*Id.* at 3.)

In Count II, again asserts that his rights were violated under the Fifth, Eighth, and Fourteenth Amendments. Plaintiff alleges that Cooke and Drummond allowed Plaintiff to be

4

harassed by Pyle by placing him on the "diet low," taking Plaintiff's personal property, and writing Plaintiff up. (*Id*. at 4.)

The proposed FAC adds Count III, which asserts that his rights were violated under the First, Fifth and Fourteenth Amendments. He alleges that the grievance coordinator, Cooke, rejected Plaintiff's grievance so Plaintiff could attach a property claim form even though he already had an administrative claim form attached. Plaintiff did as he directed, and his grievance was rejected again for having more than one appropriate issue. Plaintiff then narrowed his claim down to one issue, but his grievance was rejected a third time by Cooke for having specific claims or incidents in a previous grievance. Plaintiff filed his complaint to let the court know that Cooke was not letting him have access to the court by randomly rejecting his claims. (*Id*. at 5.)

Finally, Plaintiff amends his requested relief. (*Id*. at 6.)

**C. Analysis**

First, to the extent Plaintiff seeks to include Pyle's full name, amendment is appropriate, though not strictly necessary as Plaintiff clearly names Pyle and Robert Pyle has filed an answer to the complaint.

Second, insofar as Plaintiff seeks leave to add another claim against Cooke based on her rejection of his grievances, Plaintiff's motion for leave to amend should be denied.

A plaintiff asserting an access to courts claim must allege facts demonstrating "actual injury." *Lewis v. Casey*, 518 U.S. 343, 349 (1996) (citations omitted). The right of access to the courts is limited to non-frivolous direct criminal appeals, habeas corpus proceedings, and section 1983 actions. *Id*. at 353 n. 3, 354-55. Plaintiff admits he was able to bring this action in federal court; therefore, he has not suffered actual injury.

1   Moreover, an inmate does not have a separate constitutional right to a specific prison
2   grievance procedure. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003).
3   Plaintiff appears to be alleging that he was unable to exhaust his administrative remedies
4   prior to filing his complaint as a result of Cooke's conduct. This is not the basis for a claim; but
5   in the event Defendants raise the failure to exhaust administrative remedies as an affirmative
6   defense, Plaintiff is free to make an argument that administrative remedies were unavailable.
7   Third, to the extent Plaintiff seeks to amend his requested relief, his request for leave to
8   amend is appropriate.
9   Finally, insofar as the proposed FAC includes the retaliation claim that was dismissed
10  with prejudice, Plaintiff's motion should also be denied.
11  In sum, the court recommends that Plaintiff's motion to amend be granted in part and
12  denied in part; however, the proposed FAC should be stricken. Plaintiff should be given an
13  opportunity to file a FAC that is limited to asserting the Eighth Amendment conditions of
14  confinement claim against Pyle, Cooke and Drummond as set forth in the screening order;
15  adding Pyle's full name; and amending his request for relief.

### III. RECOMMENDATION

17  IT IS HEREBY RECOMMENDED that the District Judge enter an order
18  **GRANTING IN PART AND DENYING IN PART** the motion for leave to amend (ECF No.
19  37); however, the proposed FAC (ECF No. 40) should be **STRICKEN**. Plaintiff should be given
20  an opportunity to file a FAC that is limited to asserting the Eighth Amendment conditions of
21  confinement claim against Pyle, Cooke and Drummond as set forth in the screening order;
22  adding Pyle's full name and amending his request for relief. The FAC should not contain claims
23  or defendants that have been dismissed with prejudice. Plaintiff should be given 30 days from the

date of any order adopting this Report and Recommendation to file his FAC. The FAC must be complete in and of itself without referring or incorporating by reference any previous complaint. Any allegations, parties, or requests for relief from a prior complaint that are not carried forwarded in the FAC will no longer be before the court. If Plaintiff fails to timely file the FAC, the action will proceed as set forth in the screening order on the original complaint.

Plaintiff should be aware of the following:

1. That he may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: August 16, 2023

_____
Craig S. Denney
United States Magistrate Judge