UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BARRY HARRIS, | Case No.: 3:22-cv-00019-ART-CSD |
| Plaintiff | **Report & Recommendation of United States Magistrate Judge** |
| v. | |
| TASHEENA COOKE, et al., | Re: ECF Nos. 48, 49 |
| Defendants | |

This Report and Recommendation is made to the Honorable Anne R. Traum, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Plaintiff has filed motions for temporary restraining order and preliminary injunction. (ECF Nos. 48, 49.)[1] Defendants filed a response. (ECF Nos. 50, 51.)[2] Plaintiff filed a reply. (ECF No. 53.)

After a thorough review, it is recommended that Plaintiff's motions be denied.

**I. BACKGROUND**

Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC), proceeding pro se with this action pursuant to 42 U.S.C. § 1983 concerning events that took place while he was housed at Ely State Prison (ESP). The court screened Plaintiff's complaint and allowed him to proceed with an Eighth Amendment conditions of confinement claim against Pyle, Drummond and Cooke based on allegations that Pyle put Plaintiff on a restrictive diet, and

---

[1] These documents are identical but were docketed separately to reflect that Plaintiff seeks both a temporary restraining order and preliminary injunction.

[2] These two documents are also identical.

Drummond and Cooke knew Pyle was depriving Plaintiff of two of his daily meals, but they did not take any action to intervene. As a result, Plaintiff avers that he received only one meal a day for seven days, missing a total of 14 meals over the course of seven days. His retaliation and due process claims were dismissed with prejudice. (ECF No. 43.)

The undersigned issued a report and recommendation in August that Plaintiff be permitted to file an amended complaint limited to asserting this Eighth Amendment conditions of confinement claim against Pyle, Drummond, and Cooke, but adding Pyle's full name and amending his request for relief. (ECF No. 43.) Plaintiff has filed an objection to that order, and Defendants have filed a response, and the objection remains pending before District Judge Traum. (ECF Nos. 45, 47.) If the objection is overruled, Defendants should answer Plaintiff's amended complaint set forth at ECF No. 46.

Plaintiff now moves for injunctive relief, stating that Defendants, through their lawyer, as well as High Desert State Prison (HDSP) administration, are interfering with his ability to adequately prepare discovery in this case and to prepare his defense in a criminal case. He asserts that Defendants' lawyer told HDSP caseworker that they did not have to let Plaintiff look at his evidence, in violation of his due process and equal protection rights. He also asserts that they have been making copies of his confidential mail that is stamped legal.

## II. DISCUSSION

The purpose of a preliminary injunction or temporary restraining order is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981).

In seeking injunctive relief, "there must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint." *Pacific Radiation Oncology, LLC v. Queen's Medical Center*, 810 F.3d 631, 636 (9th Cir. 2015). "This requires a sufficient nexus between the claims raised in a motion for injunctive relief and the claims set forth in the underlying complaint itself." *Id.* "The relationship between the preliminary injunction and the underlying complaint is sufficiently strong where the preliminary injunction would grant 'relief of the same character as that which may be granted finally.'" *Id.* (quoting *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945)). "Absent that relationship or nexus, the district court lacks authority to grant the relief requested." *Id.*

Plaintiff is proceeding in this action with a single Eighth Amendment claim related to being placed on a restrictive diet. He does not have claims for retaliation, equal protection, due process, First Amendment legal mail, or access to courts. As such, his requested relief lacks the required nexus to the substantive claim proceeding in this action.

That being said, Defendants are required to provide Plaintiff a reasonable amount of time to review relevant documents that he is not permitted to keep in his cell (*i.e.*, his medical records). This should not take an extensive amount of time given the limited nature of Plaintiff's claim both in substance and in time (it concerns placing him on a restrictive diet for a seven-day period). If there are any documents that Plaintiff needs to review related to something specific in this case, i.e., discovery or dispositive motions, and he does not believe he is being given adequate access, he should meet and confer with defense counsel to attempt to resolve any dispute.

In sum, Plaintiff's requested relief does not relate to his claim that his Eighth Amendment rights were violated when he was placed on a restrictive diet for seven days. Therefore, Plaintiff's motions for injunctive relief should be denied.

### III. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **DENYING** Plaintiff's motions for injunctive relief (ECF Nos. 48, 49).

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: October 27, 2023

_____
Craig S. Denney
United States Magistrate Judge