UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BARRY HARRIS,<br><br>                                    Plaintiff,<br>v.<br>TASHEENA COOKE, *et al.*,<br><br>                                    Defendants. | Case No. 3:22-cv-00019-ART-CSD<br><br>ORDER ADOPTING REPORT AND RECOMMENDATIONS (ECF NOS. 43 AND 54) |

*Pro se* Plaintiff Barry Harris brings this action under 42 U.S.C. § 1983 against Defendants Tasheena Cooke, David Drummond, and Robert Pyle, complaining that they unlawfully placed him on a one-meal-a-day diet while he was an inmate at Ely State Prison. Before the Court are two Reports and Recommendations ("R&Rs") by United States Magistrate Judge Craig S. Denney (ECF Nos. 43, 54), and the three Motions that gave rise to those R&Rs (ECF Nos. 37, 48, 49).

For the reasons stated, this Court adopts both R&Rs in full. (ECF Nos. 43 and 54.) It therefore partially grants and partially denies Mr. Harris's Motion for Leave to File an Amended Complaint (ECF No. 37) and denies Mr. Harris's Motions for Temporary Restraining Order (ECF No. 48) and Preliminary Injunction (ECF No. 49).

**I. Background**

In September 2021, Mr. Harris was an inmate at Ely State Prison. (ECF No. 9 at 5.) For seven consecutive days, Defendant Robert Pyle allegedly elected to punish Mr. Harris by placing him on a one-meal-a-day diet. (*Id.* at 4.) Defendants Tasheena Cooke and David Drummond allegedly knew of this diet and failed to intervene. (*Id.* at 5.)

Mr. Harris filed a Complaint with this Court in January 2022. (ECF No. 1-1.) In screening Mr. Harris's Complaint, the court allowed his Eighth Amendment conditions of confinement claim to go forward and dismissed his First Amendment retaliation claim and Fourteenth Amendment due process claim. (ECF No. 8 at 4-7.)

Mr. Harris then filed a Motion for Leave to File an Amended Complaint (ECF No. 37) and a separate Proposed First Amended Complaint (ECF No. 40). Judge Denney reviewed Mr. Harris's Motion and recommended a partial grant and partial denial as detailed in Section II, below. (ECF No. 43 at 6.) He also recommended striking the Proposed First Amended Complaint and giving Mr. Harris a chance to re-file. (*Id.*) Mr. Harris timely objected to the R&R (ECF No. 45) and Defendants responded (ECF No. 47).

Mr. Harris then filed a Motion for Temporary Restraining Order (ECF No. 48) and an identical Motion for Preliminary Injunction (ECF No. 49). In those Motions, Mr. Harris argues that Defendants, defense counsel, and the High Desert State Prison (HDSP) administration, are interfering with his ability to adequately prepare discovery in this case and to prepare his defense in a separate criminal case. (ECF No. 48 at 2.) Specifically, Mr. Harris asserts that Defendants' lawyer told an HDSP caseworker that they did not have to let Plaintiff look at certain evidence and that Defendants have been making copies of his confidential legal mail. In a second R&R, Judge Denney recommended denial of both of Mr. Harris's motions for injunctive relief because his requested relief lacked a sufficient nexus to the behavior challenged in his Complaint. (ECF No. 54 at 3-4.)

I. **Plaintiff's Amended Complaint**

Mr. Harris seeks to amend his complaint by (1) adding Tasheena Cooke as a Defendant; (2) adding the first name of Robert Pyle, previously referred to only as "Officer Pyle"; (3) increasing the amount of monetary relief requested and

2

clarifying how much he seeks from each Defendant; (4) bringing a claim for interference with access to courts against Ms. Cooke; and (5) bringing a retaliation claim against all defendants. Judge Denney recommends granting Mr. Harris's first three requests but denying his fourth request because it is not a valid claim and denying his fifth request because that claim was already dismissed with prejudice. (ECF No. 43 at 5-6.) Mr. Harris objects that he has not consented to oversight by a magistrate judge and questions whether the Court was right to dismiss his unjust interference claim, since he attempted to bring it in his original Complaint. (ECF No. 45 at 1-2.) After conducting *de novo* review, the Court agrees with each of Judge Denney's recommendations.

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's R&R, as Mr. Harris did here, (ECF No. 45), the Court is required to "make a *de novo* determination of those portions of the [R&R] to which objection is made." *Id.* Thus, the Court reviews Mr. Harris's Motion for Leave to File an Amended Complaint *de novo*.

As a preliminary matter a magistrate judge may be assigned to make reports and recommendations on dispositive motions related to a prisoner's petition conditions of confinement claim. Fed. R. Civ. P. 72(b)(1); 28 U.S.C. § 636(b)(1)(B); *see* LR IB 1-4. Mr. Harris was not required to consent to Judge Denney's jurisdiction, so the Court rejects that argument.

Second, on the point of amendment, once the timeline for mandatory amendment has passed, Fed R. Civ. P. 15(a)(1)(A), (B), a plaintiff may only amend his complaint with the opposing party's written consent or leave of court. Fed. R. Civ. P. 15(a)(2). It has been over 21 days since Mr. Harris filed his original Complaint, and Defendants have not consented to amendment, so Mr. Harris can only amend his Complaint with the Court's permission.

As Mr. Harris correctly notes, "[t]he court should freely give leave [to

3

1  amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). However, the Court
2  should not give leave to amend where amendment would be futile, or where it
3  would prejudice the opposing party, is sought in bad faith, or would produce
4  undue delay in litigation. *Amerisource Bergen Corp. v. Dialysist West, Inc.*, 465
5  F.3d 946, 951 (9th Cir. 2006) (citation omitted).

6  Mr. Harris should be allowed to amend his Complaint by adding Tasheena
7  Cooke to his list of Defendants and including the first name of Robert Pyle. Mr.
8  Harris has already put Defendants on notice of his intent to sue Ms. Cooke and
9  Mr. Pyle, so they would not be prejudiced by these additions, which do not affect
10  the substance of any claim. (*see* ECF No. 9 at 1-5 (listing Tasheena Cooke and
11  "C/O Pyle" as named Defendants and mentioning them several times throughout
12  the Complaint).) Given Mr. Harris's status as a *pro se* plaintiff, the Court is
13  satisfied that he does not seek these amendments in bad faith.

14  Similarly, Mr. Harris should be allowed to amend his prayer for relief. It is
15  relatively early in the litigation process, and this amendment will not require
16  parties to undergo additional discovery or otherwise prolong litigation. This will
17  be Mr. Harris's first amendment to his Complaint, and the amendment is both
18  fair and foreseeable.

19  But Mr. Harris should not be allowed to include a claim against Ms. Cooke
20  for denying the grievances he filed with Ely State Prison. Mr. Harris's claim is
21  effectively a claim for violation of his right of access to the courts. Individuals in
22  the U.S. have a constitutional right of access to the courts. *Lewis v. Casey*, 518
23  U.S. 343, 350 (1996). If an individual wants to challenge a person's interference
24  with that right, he must show that the interference caused him to suffer some
25  "actual injury." *Id.* at 349. Ms. Cooke's denials of Mr. Harris's grievances do not
26  constitute an actual injury because Mr. Harris has brought and maintained his
27  case in this Court without any apparent difficulty, and it is unclear that a mere
28  denial of a prisoner's grievance, with nothing more, could constitute "actual

4

injury." *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (prisoners have no constitutional rights to specific prison grievance procedures). Mr. Harris proposed claim would not survive the actual injury standard and would therefore be futile.

The Court is not barring Mr. Harris from asserting this claim because he failed to mention Ms. Cooke's actions in his original Complaint, as Mr. Harris suggests. (*See* ECF No. 45 at 2.) Instead, the Court is barring this claim because bringing it would be futile, and this Court will not allow a futile amendment. *Amerisource Bergen Corp.*, 465 F.3d at 951.

Mr. Harris may amend his claim by explicitly including Tasheena Cooke and Robert Pyle as parties and requesting relief the proposed relief, but he cannot assert a claim for damages against Ms. Cooke for her denial of his grievances. He is free to continue to bring his claims against Tasheena Cooke, Robert Pyle, and David Drummond for restricting his meals in violation of the Eighth Amendment. He is not permitted to bring a claim for interference with access to the courts against Tasheena Cooke or a claim for retaliation against any party.

II. **Plaintiff's Motions for Preliminary Injunctive Relief.**

Judge Denney recommends denial of Mr. Harris's Motions for Temporary Restraining Order (ECF No. 48) and Preliminary Injunction (ECF No. 49) because the relief Mr. Harris requests in those Motions is not sufficiently related to the behavior he complains of in his Complaint—i.e., being put on a one-meal-a-day diet. (ECF No. 54 at 3-4.) The Court is satisfied that Judge Denney did not clearly err and adopts Judge Denney's R&R in full.

Where a party fails to object to a magistrate judge's recommendation, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo

5

review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.") (emphasis in original); Fed. R. Civ. P. 72, Advisory Committee Notes (1983) (providing that the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). Because there is no objection to Judge Denney's second R&R, the Court need not conduct *de novo* review and is satisfied Judge Denney did not clearly err.

Judge Denney found that Mr. Harris's single remaining claim—for being placed on a one-meal-a-day diet—was not sufficiently related to the actions he is requesting and that the Court should therefore deny Mr. Harris's motions for injunctive relief. The Court agrees. Mr. Harris's requests for legal access, privacy, and transfer to a new facility have little to do with his one-meal-a-day diet, which ended in September 2021. (*See* ECF No. 9 at 3.) The Court therefore concludes that Judge Denney did not clearly err in recommending denial of Mr. Harris's Motions. Having reviewed the R&R and the record in this case, the Court will adopt the R&R in full.

III. **Conclusion**

It is therefore ordered that Judge Denney's Report and Recommendation (ECF No. 43) partially granting and partially denying Mr. Harris's Motion for Leave to File an Amended Complaint (ECF No. 37) is accepted and adopted in full. Mr. Harris's Motion (ECF No. 37) is granted in part and denied in part, as described in this order. Further, Mr. Harris's proposed FAC (ECF No. 40) is stricken, and Mr. Harris is given leave to re-file, as instructed above.

It is further ordered that Judge Denney's Report and Recommendation (ECF No. 54) recommending denial of Mr. Harris's motions for injunctive relief is adopted in full. Mr. Harris's Motion for Temporary Restraining Order (ECF No. 48) and Motion for Preliminary Injunction (ECF No. 49) are both denied.

Dated this 15th Day of December 2023.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE